IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01639-PAB-BNB
  (Consolidated with Civil Action No. 08-cv-01896-PAB-BNB)

GALLAGHER'S NYC STEAKHOUSE FRANCHISING, INC.,

     Plaintiff,

v.

1020 15th STREET, INC. and
BRUCE RAHMANI,

     Defendants.
_____

Civil Action No. 08-cv-01896-PAB-BNB

1020 15th STREET, INC.,

     Consolidated Plaintiff,

v.

GALLAGER'S (sic) STEAKHOUSE-GRAND CENTRAL
OYSTER BAR FRANCHISING, INC.,

     Consolidated Defendant.
_____

## ORDER DENYING MOTION TO TRANSFER
_____

     This contract and civil rights action comes before the Court on plaintiff 1020 15th

Street, Inc.'s motion to transfer the case pursuant to 28 U.S.C. § 1406(a) [Civil Action

No. 08-cv-01896-PAB-KLM, Docket No. 12].  For the reasons stated below, the motion

is denied.

## A.  Procedural Background

1020 15th Street originally filed this action against defendant Gallagher's

Steakhouse-Grand Central Oyster Bar Franchising, Inc.[1] ("Gallagher's") on July 14,

2008 in the district court for Denver County, Colorado.  *See* Notice of Removal [Docket

No. 1], ex. 1 (Compl. and Jury Demand).  The complaint asserted contract and

discrimination claims arising from a franchise relationship in which 1020 15th Street

was the franchisee and Gallagher's, the franchisor.[2]  Gallagher's removed this case on

September 4, 2008, averring that it first received the complaint on August 14, 2008.

*See* Notice of Removal, Compl. and Jury Demand ¶ 2.  Upon removal to this Court, the

case originally was assigned to a different judge, docketed as Civil Action No. 08-cv-

01896-WYD-KLM, but on November 25, 2008, the case was consolidated with Civil

Action No. 08-cv-01639-PAB-BNB.[3]

On October 16, 2008, after removal but prior to consolidation, 1020 15th Street

filed a motion to transfer its case against Gallagher's to the Federal District Court for

---

[1] Gallagher's contends that due to an assignment of the franchise agreement, Gallagher's NYC Steakhouse Franchising, Inc. is the proper defendant in this action. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. to Transfer Venue [Civil Action No. 08-cv-01896, Docket No. 17].

[2] On December 10, 2008, 1020 15th Street's amended complaint, asserting similar claims, was accepted by the Court [Civil Action No. 08-cv-01639, Docket No. 59].

[3] In Civil Action No. 08-cv-01639-PAB-BNB, Gallagher's alleges that 1020 15th Street and its officer and principal shareholder, Bruce Rahmani, violated the franchise agreement and, as a result, violated a variety of Gallagher's contract and intellectual property rights.  Pursuant to the order of consolidation [Civil Action No. 08-cv-01639, Docket No. 52], both cases currently are docketed under Civil Action No. 08-cv-01639-PAB-BNB.

the Southern District of Florida, Fort Lauderdale Division.  Mot. to Transfer Venue [Civil

Action No. 08-cv-01896, Docket No. 12] ("Mot. to Transfer").  The motion asserts a

single, narrow basis for transferring the case.  According to 1020 15th Street, a

mandatory forum-selection clause in the underlying franchise agreement renders venue

improper in this district.  The clause in question states:

> **Venue**. Any litigation arising out of or related to this Agreement; any
> breach of this Agreement; the relations between the parties; and, any and
> all disputes between the parties, whether sounding in contract, tort or
> otherwise, will be instituted exclusively in a court of competent jurisdiction
> in Fort Lauderdale, Florida. Franchisee expressly affirms and agrees that
> any dispute as to the aforesaid venue shall be submitted to and resolved
> exclusively by a court of competent jurisdiction situated in Fort
> Lauderdale, Florida.

Mot. to Transfer, ex. A (Franchise Agreement) § 25.6 (bold typeface in original).

Relying solely on 28 U.S.C. § 1406(a), 1020 15th Street requests that the Court

either transfer or dismiss the case for improper venue.  *See* Mot. to Transfer at 1-2.

Section 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong
> division or district shall dismiss, or if it be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (2006).  Gallagher's responded to the motion to transfer on

November 5, 2008.  *See* Def.'s Resp. in Opp'n to Pl.'s Mot. to Transfer Venue [Civil

Action No. 08-cv-01896, Docket No. 17].  1020 15th Street has not replied and the

deadline for doing so has passed.  *See* D.C.COLO.LCivR 7.1C.  Therefore, the motion

is deemed to be fully briefed and, thus, is ripe for review.

**B.  Analysis**

Generally, whether venue properly lies in a particular court is determined by reference to the requirements of the relevant venue statute.  *See* 14D Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3804 (2009).  In cases that have been removed from state court, the general venue requirements of 28 U.S.C. § 1391 do not apply; rather the removal statute itself, 28 U.S.C. § 1441(a), controls on the question of venue.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Lundahl v. Pub. Storage Mgmt., Inc.*, 62 F. App'x 217, 218-19 (10th Cir. 2003).  Under § 1441(a), venue lies in "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2006); *see Polizzi*, 345 U.S. at 666.

1020 15th Street originally filed its complaint in the state district court for Denver County, Colorado.  *See* Notice of Removal, ex. 1 (Compl. and Jury Demand).  As a result, the federal judicial district of Colorado is the district embracing the place where this action was pending.  *See* 28 U.S.C. § 85 (2006) ("Colorado constitutes one judicial district.").  Therefore, as a general proposition, venue is proper in this Court.

1020 15th Street argues, however, that the forum-selection clause in the franchise agreement renders this Court the "wrong district" with respect to venue, irrespective of the Congressional grant under § 1441(a).  There is no clear answer to the question of whether an exclusive, or "mandatory," forum-selection clause impacts the "propriety" of venue in a non-designated tribunal.  *See New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 28-29 (2d Cir. 1997); *Licensed Practical*

4

*Nurses, Technicians & Health Care Workers of N.Y., Inc., v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 404-06 (S.D.N.Y. 2000); 14D Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure §§ 3803.1 nn.71-73 & 3827 nn.25-27 (2009); 17 James Wm. Moore et al., Moore's Federal Practice - Civil § 111.04(4) (2009).

However, most courts appear to agree that a valid, mandatory forum-selection clause greatly restricts a non-designated court's ability to hear a case.  Indeed, precedent requires as much.  *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). ("The correct approach would have been to enforce the forum clause specifically unless [the party opposing it] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory.").

Uncertainty remains, however, regarding the logistics of implementing the directive to enforce mandatory forum-selection clauses.  *See*, *e.g.*, *Licensed Practical Nurses*, 131 F. Supp. 2d at 402, 404-08.  One widely debated question, alluded to above and of particular relevance in the present case, is whether these forum-selection clauses make venue in non-designated tribunals "improper," as the term applies to analyses under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). Whether a forum-selection clause impacts the propriety of venue is significant because it determines whether a party can give effect to such a clause by way of a motion under § 1406(a).  Whether a party may resort to § 1406(a) in order to effect the disposition of

a case from a court that is not identified in a valid forum-selection clause, in turn,

impacts the readiness with which venue issues may be waived.  On the one hand,

objections to the propriety of venue under § 1406(a) are readily waived by overt acts or

implication.  *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-168

(1939); *Marquest Med. Prods., Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 n.1 (D.

Colo. 1980).  On the other hand, a waiver under § 1406(a) does not necessarily amount

to a waiver under 28 U.S.C. § 1404(a), the other oft-used method for disposing of cases

filed in violation of a mandatory forum-selection clause.  *See* 14D Charles Wright,

Arthur Miller & Edward Cooper, Federal Practice and Procedure §§ 3803.1 n.87 & 3829

(2009); 17 James Wm. Moore et al., Moore's Federal Practice - Civil § 111.17 (2009).

The binding case law of this circuit has not addressed how a valid mandatory

forum-selection clause impacts the determination of the propriety of venue under §

1406(a).  The Tenth Circuit, however, has provided guidance from which a proper result

can be inferred.  First, an unpublished opinion held that a permissive forum-selection

clause did not render venue improper for purposes of dismissal under § 1406(a).  *See*

*King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 649 (10th Cir. 2003).  Although the

court had no occasion to determine the effect of a mandatory clause, this case is

persuasive authority for the proposition that forum-selection clauses are properly

considered in the context of a § 1406(a) motion.

Further guidance can be had from the Tenth Circuit's treatment of forum-

selection clauses under a related provision.  Federal Rule of Procedure 12(b)(3) and 28

U.S.C. § 1406(a) are similar in effect and intent, both turning on whether venue is

6

proper in a particular tribunal. *See Dorsey v. N. Life Ins. Co.*, No. Civ.A. 04-0342, 2004 WL 2496214, at *8 n.13 (E.D. La. Nov. 5, 2004) (citing 17 James Wm. Moore et al., Moore's Federal Practice - Civil § 111.04(4)(c) n.44 (1998)). This circuit generally treats motions to dismiss based on forum-selection clauses as motions to dismiss for improper venue under Rule 12(b)(3). *K & V  Scientific Co. v. Bayerische Motoren Werke Aktiengesellchaft*, 314 F.3d 494, 497 (10th Cir. 2002). As a reasonable extension of this rule, I hold that a mandatory forum-selection clause impacts the propriety of venue in § 1406(a) analyses as well. As a consequence, a motion to transfer or dismiss a case pursuant to a forum-selection clause may be brought under § 1406(a), just as 1020 15th Street has done in the present case.

Turning now to the question of whether the forum-selection clause in this present case makes venue in this Court improper, I first undertake the characterization of that clause. In doing so, I conclude that it falls squarely into the mandatory forum-selection clause category. The statement that "*any and all disputes* between the parties, whether sounding in contract, tort or otherwise, will be instituted *exclusively* in a court of competent jurisdiction in Fort Lauderdale, Florida" expresses clearly the exclusivity of the clause's terms. *See K & V Scientific*, 314 F.3d at 500 (use of terms of exclusivity such as "exclusive," "sole," or "only" indicate that a forum clause is mandatory); *see also American Soda*, 428 F.3d at 927.

The fact that the forum-selection clause in the franchise agreement is mandatory, in conjunction with the rules that such clauses are to be enforced and that such clauses impact the propriety of venue, lead me to conclude that venue does not

properly lie in this Court.  Therefore, under normal circumstances, transfer or dismissal of this case under § 1406(a) would be appropriate.

However, the analysis does not end there for "[i]mproper venue is of course a defense personal to a party and may be waived." *Thompson v. United States*, 312 F.2d 516, 519 (10th Cir. 1962) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448 (1943)).  A venue defense "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co.*, 308 U.S. at 168.

Gallagher's cites various acts by 1020 15th Street which allegedly amount to a waiver of the improper venue in this Court.  However, the act that I find dispositive on this issue is 1020 15th Street's original filing of this case in a Colorado state court.  By filing this case in a court in Colorado rather than in a court in Fort Lauderdale, Florida, 1020 15th Street waived its right to enforce the forum-selection clause, and by extension, its right to object to the defect in venue. *See Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc., v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 404-06 (S.D.N.Y. 2000) ("By bringing suit in New York in violation of the forum-selection clause, plaintiff undoubtedly has waived any right to insist on its enforcement."); *cf. Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005) ("We have long held that a party's contract rights may be waived by actually participating in a lawsuit or taking action inconsistent with that right." (citing *Klosters Rederi A/S v. Arison Shipping Co.*, 280 So. 2d 678, 680 (Fla. 1973))).

There are a few points that deserve further mention here.  First, although it is well settled that a party waives its objections to venue by filing a case in a particular

8

forum, *see Olberding v. Ill. Cent. R.R. Co.*, 346 U.S. 338, 340 (1953), the ramifications of a removal are less perspicuous.[4]  One might argue – although 1020 15th Street has not – that the plaintiff's waiver was only to venue in Colorado state court, not the federal court in that same district.

The facts of this case do not support such a contention.  Nothing in this case suggests that the parties had a preference for state over federal court.  The clause which 1020 15th Street seeks to enforce makes no distinction between state and federal courts.  1020 15th Street did not object to Gallager's removal of the case by seeking remand back to state court, and it now seeks a transfer to another federal district court.

The second point that deserves mention is that 1020 15th Street filed this case in state court in Denver, Colorado.  Gallagher's removed the case to this Court, also located in Denver, Colorado.  Consequently, 1020 15th Street lost nothing in terms of convenience of location, the overarching theory upon which venue rules are based. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[V]enue is primarily a matter of choosing a convenient forum." (internal quotation marks omitted)).  Indeed,

---

[4] Some courts have established an exception to the waiver rule where the plaintiff acts in good faith and is unaware that venue is improper.  *See Manley v. Engram*, 755 F.2d 1463, 1467-1471 (11th Cir. 1985) ("[W]here a diligent plaintiff files suit in good faith in the district of the individual defendant's apparent residence, but later discovers that defendant subjectively considers another state his permanent residence, the plaintiff will not be deemed to have automatically waived his right to object to venue in the original forum or to seek a transfer under § 1406(a)."); *see also Young v. Cuddington*, 470 F. Supp. 935, 936 (M.D. Pa. 1979); 14D Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3827 n.30 (2009); 17 James Wm. Moore et al., Moore's Federal Practice - Civil § 111.35 (2009).  These exceptions do not apply to the present case.

because venue rules are typically intended to serve the convenience of defendants, 1020 15th Street's invocation of § 1406(a) at all is rather anomalous.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) ("In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."); 14D Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3827 n.30 (2009).

Through Gallagher's removal, 1020 15th Street simply lost its choice of the sovereign before which its case is adjudicated, a choice to which it was not otherwise entitled.  1020 15th Street did not bargain for this choice in the franchise agreement's forum-selection clause.  Furthermore, it is not entitled under law to insist upon this choice either, for where the jurisdictional requirements are met, the defendant has the right to remove a case from state to federal court.  *See* 28 U.S.C. § 1441(a) (2006); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).

In summary, although I do not today determine the full scope of 1020 15th Street's waiver, I do hold that by filing this case in Colorado state court and thereby waiving its right to enforce the forum-selection clause in this case, 1020 15th Street also waived its right to object to the venue of this Court following removal.

I further hold that 1020 15th Street also waived its right to enforce all portions of the forum-selection clause in this Court.  In other words, 1020 15th Street's argument that the forum-selection clause precludes this Court from determining the waiver issue in the first place is unavailing.  *See* Mot. to Transfer at 2 n.1.  Not only does the provision – "Franchisee expressly affirms and agrees that any dispute as to the aforesaid venue shall be submitted to and resolved exclusively by a court of competent

jurisdiction situated in Fort Lauderdale, Florida" – by its terms only bind 1020 15th

Street, the franchisee in this case, but it too has been waived by the filing of this case in

a court in Colorado.

Accordingly, it is

**ORDERED** that plaintiff 1020 15th Street's motion to transfer this case pursuant

to 28 U.S.C. § 1406(a) [Civil Action No. 08-cv-01896-PAB-KLM, Docket No. 12] is

DENIED.

DATED June 23, 2009.

BY THE COURT:

s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge