IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01639-PAB-BNB
(consolidated with Civil Action No. 08-cv-01896-PAB-KLM)

GALLAGHER'S NYC STEAKHOUSE FRANCHISING, INC.
    Plaintiff,
v.

1020 15th STREET, INC., and
BRUCE RAHMANI,
    Defendants.

\*   \*   \*

1025 15th STREET, INC.,
    Plaintiff,
v.

GALLAGHER'S STEAKHOUSE-GRAND CENTRAL OYSTER BAR FRANCHISING, INC.
    Defendant.

---

### STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT

---

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiff Gallagher's NYC Steakhouse Franchising, Inc. ("Gallagher's") and Defendants 1020 15th Street, Inc. ("15t Street") and Bruce Rahmani (collectively "Defendants"). Upon stipulation between the Parties pursuant to their Joint Motion For Entry of Permanent Injunction ("Joint Motion") [Docket No. 80], the Court hereby **GRANTS** the Joint Motion, and

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.    Defendants, their agents, servants and employees, and those people in active concert or participation with them are enjoined:

    (i)    From directly or indirectly at any time or in any manner operating or doing business under any name or in any manner which might tend to give the general

public the impression that defendants are operating a Gallagher's Restaurant by using, in any manner, or for any purpose, directly or indirectly, any of Gallagher's Proprietary Marks, confidential information, trade secrets, procedures, forms, techniques know-how or materials acquired by Defendants by virtue of the relationship established by the Franchise Agreement between Gallagher's and 15th Street dated as of January 13, 2000 (the "Franchise Agreement"); by using any telephone number listed in any telephone directory under the names "Gallagher's," "Gallagher's Steakhouse" or any similar designation or directory listing which relates to the franchised Restaurant; and, by using any of the components, specifications and standards which comprise a part of the Gallagher's System, provided that this shall not limit Defendants' rights to use any leased or purchased property for any commercial or private use so long as the use is not done in a manner that might tend to give the general public the impression that defendants are operating a Gallagher's Restaurant;

     (ii)    From failing to take such action as may be necessary to cancel assumed name or equivalent registration by Defendants which contains the Proprietary Mark "Gallagher's;"

     (iii)    From using any telephone number(s) previously listed by Defendants in the Yellow Pages or White Pages of any telephone directory under the name "Gallagher's", "Gallagher's Restaurant", "Gallagher's Steakhouse" or any other confusingly similar name;

     (iv)    From failing to comply with the restrictions pertaining to the use of Gallagher's confidential information, trade secrets and know-how set forth in Article 13 of the Franchise Agreement;

  (v) From failing to comply with the obligations concerning indemnity set forth in Article 9.10 of the Franchise Agreement; and

  (vi) From failing to comply with the prohibition against challenging the validity of Gallagher's Proprietary Marks as set forth in Article 16.3 of the Franchise Agreement..

  2. A Permanent Injunction is entered enjoining Defendants from effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the directives of the injunction.

  3. This Permanent Injunction supersedes in all respects the Preliminary Injunction entered in this matter on October 8, 2008, which Preliminary Injunction shall be of no further force or effect upon entry of this Permanent Injunction.

  4. As provided in the Joint Motion, all remaining claims in these consolidated actions are dismissed with prejudice, with all parties to bear their own attorney's fees and costs.

  5. This Order having disposed of all remaining claims in this action, final judgment is hereby entered in this action as of the date set forth below.

  DATED September 11, 2009.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge

AGREED TO:

| | |
|---|---|
| *s/ Leonard H. MacPhee* | *s/ Peter Forbes* |
| Leonard H. MacPhee | Peter Forbes |
| Perkins Coie LLP | Horowitz & Forbes, LLP |
| 1899 Wynkoop Street | 2940 Wells Fargo Center |
| Suite 700 | 1700 Lincoln Street |
| Denver, CO  80202 | Denver, CO 80203 |
| Telephone:  303-291-2300 | Telephone:  303-572-5108 |
| Email:  lmapchee@perkinscoie.com | Email:  pforbes@hflitig.com |
| | |
| Counsel for Plaintiff | Counsel for Defendants |

1020 15th STREET, INC.

By:  *s/ Bruce Rahmani*

Name: Bruce Rahmani
Title:   President


*s/ Bruce Rahmani*
Bruce Rahmani, Individually